IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:  3:15cr67/RV/EMT
                                                         3:19cv4937/RV/EMT

ANTHONY FLOYD HEMPHILL,
    Fed. Reg. No. 08719-380

---

## REPORT AND RECOMMENDATION

This matter is before the court upon the Government's "Motion to Dismiss Time-Barred Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Federal Inmate" (ECF No. 114).   Defendant Hemphill has not filed a response, despite receiving two extensions of time within which to do so (*see* ECF Nos. 115–118).   After a review of the record, the undersigned concurs with the Government's position and recommends that Hemphill's motion be dismissed as untimely.

PROCEDURL HISTORY AND ANALYSIS

Anthony Floyd Hemphill pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and six counts of wire fraud in violation of 18 U.S.C. §§ 1343 & 2 (ECF Nos. 1, 30–32, 81).   He was sentenced to 41 months' imprisonment and ordered to pay restitution to three victims in the total amount of

$324,824, to be paid jointly and severally with his co-defendant and father William Hemphill (ECF Nos. 55, 75, 82).    Judgment was entered on May 19, 2016, with a separate restitution order entered on June 30, 2016.    Hemphill successfully appealed the restitution award (ECF No. 87), and on remand the court reduced the total amount of restitution to $164,650 (ECF No. 92).    Amended Judgment was entered on October 2, 2017 (*id.*), and Hemphill did not appeal.

More than a year later, on December 28, 2018, the court received a "Request for Extension of Time to File § 2255 Petition" (ECF No. 94).    In this submission Hemphill contended that he "was notified this October that his Direct Appeal was approved in 2017" (*id*. at 1).    The district court denied the motion, and Hemphill's appeal thereof was dismissed in February of 2019 for want of prosecution (ECF Nos. 95, 100).    Hemphill filed three other motions—each of which was denied—before filing the instant motion to vacate.    The instant motion bears a signature date of October 7, 2019, but was not received by the court until December 12, 2019.[1]

Hemphill raises three grounds for relief in his § 2255 motion.    First, he contends appellate counsel was ineffective because he did not file a complete record

---

[1] No explanation is provided for the apparent discrepancy (ECF No. 109).

Case Nos.: 3:15cr67/RV/EMT; 3:19cv4937/RV/EMT

on appeal to raise his preserved sentencing objections (ECF No. 109 at 5).    Second, he contends that assistant and acting U.S. Attorneys did not have authority to represent the United States during the relevant period, and thus the court did not have jurisdiction over his case (*id.* at 6).    Finally, he contends that appellate counsel's failure to raise preserved sentencing objections to an obstruction of justice enhancement was constitutionally ineffective (*id*. at 8).

On the § 2255 motion form, Hemphill claims his motion is timely under subsections (f)(1), (f)(2), and (f)(4) of § 2255 (ECF No. 109 at 12).    He explains that he received the district court's order following remand on November 20, 2018,[2] and that he "received Newly Discovered Evidence through FOIA requests . . . on October 17, 2018, through his exercise of due diligence" (*id.*).    The Government moves to dismiss his motion as untimely.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section.    The one-year period of time runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

---

[2] Appended to the motion is a copy of a letter dated November 20, 2018, from Judge Vinson to Hemphill at his then-address in Jesup, Georgia (ECF No. 109).   The one-line letter indicates the court is forwarding Hemphill a copy of the October 2, 2017, order that reduced Hemphill's restitution obligation.

Case Nos.: 3:15cr67/RV/EMT; 3:19cv4937/RV/EMT

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).    As noted above, Hemphill contends his motion is timely under subsections (1), (2), and (4) of Section 2255.

Pursuant to § 2255(f)(1), Hemphill's motion would have to have been filed within one year from the date his conviction became final.    If a defendant does not file an appeal, his conviction becomes final upon the expiration of the fourteen-day time period for doing so.    *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).    Following remand, the district court entered its order amending the final judgment (i.e., reducing restitution) on October 2, 2017, and it became final fourteen days later when Hemphill did not appeal.    Therefore, to be timely, a § 2255 motion must have been filed on or before October 16, 2018.    Hemphill's motion, dated October 7, 2019, is facially untimely under this provision.

Case Nos.: 3:15cr67/RV/EMT; 3:19cv4937/RV/EMT

With respect to the second provision, Hemphill has not identified an illegal Government action that created an impediment to filing his § 2255 motion. Even if he did not receive the court's order following remand until after November 20, 2018, this delay was not an action taken "in violation of the Constitution or laws of the United States." Therefore, he has not shown his motion was timely under § 2255(f)(2).

Finally, Hemphill invokes § 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Government notes that in early October 2018, *shortly before* his conviction would became final (on October 16), Hemphill filed FOIA requests seeking the appointment and oath of office documents for Acting U.S. Attorney Christopher P. Canova, AUSA Katy Risinger, and AUSA Jordane Learn (*see* ECF No. 109 at 28–31, 33–36, 38–41 (noting, in part, *receipt* of Hemphill's FOIA requests on October 10, 2018)). His motivation for doing so was apparently to find support for the jurisdictional claim he raises in ground two of his motion. The delay in pursuing this information does not establish that he exercised

"due diligence" that would support his reliance on § 2255(f)(4).[3]    *See, e.g., United States v. Rodriguez*, 858 F. 3d 960, 963–64 (5th Cir. 2017) (discussing requirements of due diligence); *United States v. Jackson*, 470 F. App'x 324, 329 (5th Cir. 2012). Thus, the motion is untimely under all provisions of § 2255 upon which Hemphill relies.

A defendant whose motion is deemed untimely under § 2255 may avoid dismissal of his motion by establishing his entitlement to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).    Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).    Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

---

[3] The Government also points out that even if Hemphill could show he exercised due diligence to uncover these new "facts," his claim is without merit (ECF No. 114 at 6–7).

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).    It only applies in "truly extraordinary circumstances."    *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286).    The onus is on the moving defendant to show that he is entitled to this extraordinary relief.    *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.    The court will not relieve a petitioner who has sat upon his rights.    *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)).    Here, no basis for application of this doctrine is apparent from the record.    Even assuming there was no communication from counsel following entry of the amended judgment, Hemphill apparently waited over two years from the date of the original judgment to inquire about the status of his case, and only days before the one-year deadline following the amended judgment to pursue FOIA requests.    As such, the Government's motion to dismiss Hemphill's untimely motion should be granted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing § 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The "Government's Motion to Dismiss Time-Barred Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Federal Inmate" (ECF No. 114) be **GRANTED.**

Case Nos.: 3:15cr67/RV/EMT; 3:19cv4937/RV/EMT

2.    Hemphill's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody" (ECF No. 109) be

**DENIED and DISMISSED as untimely.**

3.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>1</u><sup>st</sup> day of June 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**